IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AQUALLIANCE; et al.,

        Plaintiffs,                      No. CIV S-10-1692 KJM-JFM

    vs.

UNITED STATES BUREAU OF
RECLAMATION; et al.,

        Defendants.                <u>ORDER</u>

        On May 9, 2011, the parties were ordered to show cause why they should not be sanctioned in the amount of $250.00 for failing to file a joint status report in accordance with the court's March 22, 2011 standing order. (ECF 9.) The parties were instructed that a hearing on the order to show cause would be held, if necessary, following the pretrial scheduling (status) conference. (*Id*.) The status conference scheduled for May 11, 2011 was vacated and reset for June 1, 2011, and parties were directed to file their joint status reports by May 25, 2011. (*Id*.) The parties still have neither filed joint status reports nor responded to the order to show cause.

/////

/////

/////

/////

1

Accordingly, the court ORDERS the following:

1. Plaintiffs' counsel[1] is ordered to pay sanctions in the amount of $250.00 for his failure to file a response to the order to show cause filed on May 9, 2011. Payment should be in the form of a check made payable to the Clerk of the Court. The sum is to be paid personally by plaintiffs' counsel **not later than fourteen (14) days** from the filing of this order.

2. Plaintiffs' counsel is further ordered to show cause why plaintiffs' case should not be dismissed for their failure to prosecute. Counsel shall file his response to this order **within fourteen (14) days** of the filing of this order.

3. The pretrial scheduling (status) conference set for June 1, 2011 is hereby VACATED to be reset if deemed necessary by the court.

IT IS SO ORDERED.

DATED: May 27, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendants have not been properly served in accordance with Federal Rule of Civil Procedure 4. (ECF 6.) Defendant United States Bureau of Reclamation is an agency of the United States and defendant Richard Woodley is sued in his official capacity as an employee of the United States Bureau of Reclamation. (*See* Compl., ECF 1.) As such, plaintiffs were required to comply with Federal Rule of Civil Procedure 4(i)(2), which provides that "[t]o serve a United States agency . . . or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . or employee." There is nothing on record indicating that plaintiffs properly served the United States as there is no indication that plaintiffs delivered a copy of the summons and complaint to the United States attorney for this district, an assistant United States attorney, a clerical employee designated in writing by the United States attorney, the civil-process clerk at the United States attorney's office, or the Attorney General of the United States. *See* FED. R. CIV. P. 4(i)(1)(A), (B). The proof of service filed with the court only indicates that plaintiffs served an administrative assistant in the Federal Office Building located in Sacramento. (ECF 6.)